IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| BENNIE BUTLER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:11-CV-131 (WLS) |
| | : | |
| BELLSOUTH | : | |
| TELECOMMUNICATIONS, LLC, and | : | |
| COMMUNICATIONS WORKERS | : | |
| OF AMERICA LOCAL 3201, | : | |
|     Defendants. | : | |
| _____ | : | |

## ORDER

Before the Court is Communication Workers of America Local 3201's Motion to Dismiss. For the reasons that follow, the motion is **GRANTED**.

## PROCEDURAL BACKGROUND

Plaintiff Bennie Butler is a former machine operator for Defendant Bellsouth Communications, LLC (Bellsouth). Following his termination from Bellsouth in January 2009, Butler brought suit against Bellsouth and his union, the Communication Workers of America Local 3201 (the Union), alleging race and age discrimination under Title VII and the Age Discrimination in Employment Act by Bellsouth and the Union and breach of the duty of fair representation by the Union. The instant case, filed September 27, 2011, is not Butler's only lawsuit arising from his employment with Bellsouth. On December 11, 2012, Butler filed another suit, 1:12-cv-00189 (WLS), against Bellsouth and the Union, alleging race discrimination, breach of contract, and conspiracy.

On September 27, 2012, the Court dismissed Plaintiff's claims against Bellsouth and the Union, finding that Plaintiff failed to show he filed a timely charge of discrimination to

1

the EEOC. (Doc. 13.) On November 11, 2013 the Court issued an Order correcting a clerical error in the September 27, 2012 Order, which should not have dismissed the claims against the Union. (Doc. 15.) However, noting the Union's filings in the December 11, 2012 case asserting the untimeliness of the claims, the Court ordered the Union and Plaintiff to show cause why the case should not be reopened as to the claims against the Union. The Union filed a Motion to Dismiss and supporting brief on December 3, 2013. Plaintiff did not make any filings in response to the Show Cause Order.

## **DISCUSSION**

Plaintiff has raised three claims against the Union. First, Plaintiff alleges that the Union conspired to violate the provisions of the collective bargaining agreement to terminate Plaintiff's employment because of his race, in violation of Title VII. (Doc. 1. At 5-6.) Second, Plaintiff alleges that through its alleged role in terminating his employment, the Union violated Plaintiff's rights under the Age Discrimination in Employment Act (ADEA). (*Id.* at 6-7.) And third, Plaintiff alleges that the Union breached its duty of fair representation by failing to protect his rights under the collective bargaining agreement. (*Id.* at 7-10.) In its Motion to Dismiss, the Union asserts that Plaintiff failed to exhaust administrative remedies as to the Title VII and ADEA claims and that Plaintiff's fair representation claim is time-barred. (Doc. 18 at 4-7.)

### I.      Title VII and ADEA Exhaustion

The instant dispute comes before the Court on a Rule 12 motion to dismiss for failure to exhaust administrative remedies. In his briefings in response to Defendant BellSouth's Motion to Dismiss on the same grounds, Plaintiff submitted various exhibits for the Court's consideration. (Doc. 12.) The Union now makes reference to those exhibits in its

2

Motion to Dismiss. (Doc. 18.) As a general rule, courts are not permitted to consider evidence outside the four corners of the complaint on a motion to dismiss. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). If the Court considers other evidence, it generally must treat the motion to dismiss as a motion for summary judgment. Fed. R. Civ. P. 12(d). However, when a party moves to dismiss for failure to exhaust administrative remedies, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008). The Eleventh Circuit has held that district courts may resolve factual disputes regarding exhaustion of administrative remedies during consideration of a motion to dismiss in a Title VII case. *Tillery v. U.S. Department of Homeland Security,* 402 F. App'x 421, 424–25 (11th Cir. 2010).

Here, the Court concludes that the current factual dispute does not go to the merits of Plaintiff's case. Rather, it involves the preliminary question of whether Plaintiff filed a timely complaint with the EEOC. The parties have had ample opportunity to develop—and have actually developed—a factual record on the question of exhaustion. Therefore, the Court will consider outside evidence while treating Defendant's filing as a motion to dismiss.

Before turning to the issue in this case, the Court notes that Plaintiff bears the burden of showing that he exhausted his administrative remedies. The Eleventh Circuit generally treats exhaustion as a condition precedent, rather than as a jurisdictional prerequisite, to filing suit. *See, e.g.*, *Fouche v. Jekyll Island-State Park Authority*, 713 F.2d 1518, 1525 (11th Cir. 1983). For that reason, and because Defendant has shown with particularity that Plaintiff has not exhausted his administrative remedies, Plaintiff bears the burden of showing that he has

in fact done so. *Jackson v. Seaboard Coast Line R. Co.*, 768 F.2d 992, 1010 (11th Cir. 1982); *Wilshin v. Allstate Insurance Co.*, 212 F. Supp. 2d 1360, 1368 (M.D. Ga. 2002); *Goodridge v. Astrue*, No. 1:07-CV-1919-RLV-RGV, 2008 WL 8691093, at *3 (N.D. Ga. March 20, 2008).

The Court notes that Plaintiff did not respond to the Order to show cause for why his claims against the Union should not be reopened. In response to BellSouth's Motion to Dismiss, Plaintiff submitted the record of his EEOC charge and notice of right to sue. (Doc. 12.) Plaintiff's formal charge to the EEOC named only BellSouth, not the Union, and a copy of the notice of right to sue was sent only to BellSouth, not the Union. (Doc. 12 at 3-4.) Plaintiff has submitted no evidence that he filed a formal charge to the EEOC naming the Union nor that the EEOC ever issued to Plaintiff a notice of right to sue the Union. (See Docket.) Therefore, Plaintiff's Title VII and ADEA claims against the Union are barred for failure to exhaust.

## II.   Duty of Fair Representation Statute of Limitations

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A Motion to Dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Systems, Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a

4

plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Financial Security Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

While the Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff," *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003), in evaluating the sufficiency of a Plaintiff's pleadings the Court must "make reasonable inferences in [p]laintiff's favor, 'but [is] not required to draw Plaintiff's inference.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A.*, Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)), abrogated on other grounds by *Mohamad v. Palestinian Authority*, 132 S. Ct. 1702 (2012). The Supreme Court instructs that while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint).

Plaintiff's Section 301 fair representation claim against the Union is subject to a six-month statute of limitations. In *DelCostello v. International Brotherhood of Teamsters*, the Supreme Court held that the six-month statute of limitations from Section 10(b) of the National Labor Relations Act applies in cases where an employee has filed suit against both his employer and union, alleging a breach of the union's duty of fair representation. 462 U.S. 151, 169-71 (1983). Here, Plaintiff has done just that. (*See* Doc. 1.) Section 10(b) provides a "closer analogy" to Plaintiff's claim than any available state statute, and its statute of limitations should therefore apply. *Id.* at 171-72.

Plaintiff's breach of duty of fair representation claim is based on the Union's alleged conspiracy with BellSouth to terminate his employment. Plaintiff's employment with BellSouth ended on January 4, 2009. (Doc. 12 at 1.) Plaintiff was thus aware of the act constituting the alleged violation –the termination of his employment –on January 4, 2009. However, this case was not filed until September 27, 2011. Plaintiff has made no arguments in support of the timeliness of his claim for breach of duty of fair representation or to establish that equitable tolling is warranted. The Court finds that Plaintiff's claim against the Union for breach of the duty of fair representation is barred by the applicable statute of limitations and must be dismissed.

## **CONCLUSION**

Defendant CWA Local 3201's Motion to Dismiss is **GRANTED**. Judgment shall be entered in favor of defendants.

**SO ORDERED**, this 29th day of September, 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**